**In re the MARRIAGE OF Sam BAUGH, Petitioner-Appellant,**

**and**

**Rebecca Lynn Baugh, Respondent.**

No. 13397.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 14, 1984.

Warren H. Sapp, Kansas City, for petitioner-appellant.

Michael O'Keefe, North Kansas City, for respondent.

GREENE, Judge.

Sam Baugh appeals from that part of a dissolution decree awarding custody of Scott Baugh, the two-year-old son of the parties, to his wife, Rebecca.

The sole issue is whether the trial court considered the proper criteria, including the relevant factors set out in § 452.375.2,[1] in awarding custody. Section 452.375.2 provides:

2. The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

(1) The wishes of the child's parents as to his custody;

(2) The wishes of a child as to his custodian;

(3) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;

(4) The child's adjustment to his home, school, and community;

(5) The mental and physical health of all individuals involved; and

(6) The needs of the child for a continuing relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

Relevant findings of fact by the trial court on this issue are:

9. Petitioner, Sam Ward Baugh, is an able-bodied twenty-five (25) year old male capable and desirous of earning a living. He has worked throughout the marriage and has applied his earnings to the support of himself, his wife, and their child. His conduct as a father has gone largely unchallenged and he desires to have custody of his son. He has obeyed the orders of this Court despite his displeasure with them. He considers his relationship with his son to be close and meaningful. Petitioner's relationship with his father, Harold Baugh, is unusually close and appears to overshadow and determine petitioner's other relationships. It is a father and son relationship appropriate to a child of younger age. Mr. Baugh, Sr., although well-intentioned, has created for his son a position of continuing dependency in which it is Mr. Baugh Sr. who is the real manager or decision maker. The influence of Petitioner's father is so strong that it is difficult, if not impossible, to assess the independent capabilities and desires of the Petitioner, who has been deprived of the opportunity to stand alone and prove himself. He is at this point, psychologically, and financially dependent upon his father. It appears that the Petitioner has been forced to choose between his father and his wife, or between his "old" family and his "new" one. Petitioner receives approximately twelve thousand dollars per year, of which $8400.00 is classified by him as a gift from his father.

10. Respondent, Rebecca Lynn Baugh, is an able-bodied twenty year old female. She is capable and desirous of earning a living. She has worked throughout the marriage, except for a brief pregnancy leave, and has applied her earnings to the marriage. She is described as "Not the All-American girl, motherhood type—but more career-oriented" by her father-in-law. She seems independent, strong, resilient, and unwilling to accept the role of a dependent housewife apparently desired by Petitioner. She is, generally, unwilling to accept the kind of management which Petitioner accepts from his father. Her major complaints were directed almost exclusively at Petitioner and his father, she voiced only minor complaints in regard to the Petitioner himself. She has occasionally vented her frustrations in an indiscreet fashion, but these appear to have been passing episodes. If she were male, we would casually describe her as having sown some "wild oats." She has displayed a desire to get on with a new life in a responsible fashion. Her relationship with her son is loving, close, and apparently normal. She is employed in what she considers to be a career position. Respondent earns approximately Nine Thousand Four Hundred Dollars per year.

11. The child, Scott Matthew Baugh, is a healthy and apparently well adjusted two (2) year old boy, requiring no extraordinary care. The child is possessed of no independent financial resources. He has resided with his mother in Kansas City, Missouri, for approximately two (2) months, attends day care while she works and accompanies her to her parents' home in Clinton, Missouri, on most weekends. Alternate weekends are spent in his father's custody in Clinton, Missouri.

In its conclusions of law, the trial court determined that Rebecca was the proper person to have custody of her son.

We have carefully read the 532 page transcript filed in this case. It was a swearing match with Sam's witnesses, including his mother and father, attempting to prove that Rebecca was an unfit mother, and Rebecca's witnesses attempting to prove that she was the proper custodian for Scott. It would serve no useful purpose to repeat the charges and counter charges made by the parties at the hearing. It suffices to say that when examined in the light most favorable to the prevailing party, *Haswell v. Liberty Mut. Ins. Co.*, 557 S.W.2d 628, 633 (Mo. banc 1977), keep-

ing in mind that the trial court was in a much better position than we are to judge the credibility of the witnesses, *E——— (S)——— v. E———,* 507 S.W.2d 681, 683 (Mo.App.1974), the determination by the trial court that custody of Scott should be placed in Rebecca is supported by substantial evidence, is not against the weight of the evidence, and was not based on any erroneous declaration or application of law. It also shows that the trial court adequately considered statutory and other criteria relevant to the custody determination.

This being so, the judgment of the trial court should be affirmed. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.